IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KYRIMA ANDERSON,** *et al.* | : |
| **Plaintiffs,** | : |
| VS. | :    NO. 5:25-cv-00506-MTT-ALS |
| **Warden JESSIE WILLIAMS,** *et al.*, | : |
| **Defendants.** | : |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Kyrima Anderson, a prisoner at Pulaski State Prison in Hawkinsville, Georgia, has filed a "class-action complaint" on behalf of herself and other prisoners held at Pulaski State Prison as well as at Emmanuel Women's Facility. ECF No. 1. However, a prerequisite for class action certification is a finding by the Court that the representative party can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). Circuit Courts have repeatedly held a *pro se* plaintiff is not an adequate class representative and may not litigate on behalf of others. *See e.g. FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (internal quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under 28 U.S.C. § 1654 "does not extend to the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding

*pro se* litigant cannot bring an action on behalf of fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Here, Plaintiff is a prisoner proceeding *pro se*, and thus, the Court cannot find she is an adequate representative that can litigate on behalf of her fellow prisoners in a federal lawsuit.

Accordingly, the Court **DISMISSES** this Complaint **without prejudice.** Each Plaintiff may file their own <u>separate</u> complaint asserting claims that are personal to that prisoner and for which they will be individually responsible for filing fees.

**SO ORDERED**, this 21st day of November, 2025.

<u>S/ Marc T. Treadwell</u><br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT