IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KYRIMA ANDERSON, *et al.* | : |
| Plaintiffs, | : |
| VS. | : NO. 5:25-cv-00506-MTT-ALS |
| Warden JESSIE WILLIAMS, *et al.*, | : |
| Defendants. | : |

### ORDER

*Pro se* Plaintiff Kyrima Anderson, a prisoner at Pulaski State Prison in Hawkinsville, Georgia, filed a class action lawsuit on behalf of herself and other prisoners held at Pulaski State Prison as well as at Emmanuel Women's Facility. ECF No. 1. On November 21, 2025. the Court dismissed the complaint. ECF No. 3. Plaintiff Anderson has now filed a motion for reconsideration in which she requests that this Court reconsider its dismissal of this civil action as well as a post judgment order denying her request for appointed counsel. ECF No. 15.

Plaintiff's motion appears to be in the nature of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). There are only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error

or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Plaintiff Anderson raises no argument and claims within her post-judgment motion on new law or newly discovered evidence. *See* ECF No. 15. Instead, Plaintiff Anderson states that she "fully agrees with the courts reasons for dismissal, had she not also filed a request for counsel." *Id*. at 1. It thus appears that the only basis for reconsideration under Rule 59 that Plaintiff Anderson can rely upon is that the Court made some error in its application of the law in dismissing this civil action. It did not. The law is clear that *pro se* prisoners who are not licensed attorneys are barred from representing their fellow prisoners and from bringing class action lawsuits in the federal courts. *See e.g. FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (internal quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under 28 U.S.C. § 1654 "does not extend to the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a

class action").

Accordingly, the present civil action was properly dismissed prior to service upon any Defendant. *See* 28 U.S.C. § 1915A(a) (requiring district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee); 28 U.S.C. § 1915A(b) (requiring district courts to dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."). Because dismissal was proper in this civil action, it was also proper to deny Plaintiff's motion for appointment of counsel (ECF No. 6) whether it was filed prior to judgment or after judgment.

## CONCLUSION

For all the reasons set forth above, this Court finds that Plaintiff Anderson raises no argument or claims within her motion for reconsideration based upon new law or newly discovered evidence. The Court further finds that Plaintiff Anderson has failed to demonstrate that the Court made any clear error of law or any manifest injustice which would warrant this Court to amend its dismissal without prejudice of this civil action. Therefore, Plaintiff Anderson has failed to satisfy the standards under Rule 59 of the Federal Rules of Civil Procedure or M.D. Ga. Local R. 7.6 for this Court to alter its previous judgment. Accordingly, Plaintiff Anderson's motion for reconsideration (ECF No. 15) is **DENIED**. As previously stated in the order of dismissal (ECF No. 3), this action was dismissed without prejudice so each Plaintiff can file their own separate complaint

asserting claims that are personal to that prisoner.

**SO ORDERED**, this 9th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
